**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAFAEL A. LIZARDO,**
                    **Plaintiff,**

**-vs-**                                            **Case No. 5:09-cv-269-Oc-31GRJ**

**CHRIS DANIELS, et. al.,**
                      **Defendants.**
_____/

**ORDER**

This matter came before the Court without oral argument upon consideration of the Motions to Dismiss (the "Motions") (Docs. 19, 20 and 21) filed by Defendants Harold Flores, Antoinette Soler, Lake County Sheriff Gary S. Borders, Archie Phillips and Bonnie Legare; and the responses in opposition thereto (Docs. 24, 25 and 26) filed by *pro se* Plaintiff Rafael A. Lizardo ("Plaintiff").

**I. Overview**

On June 18, 2009, Plaintiff brought this § 1983[1] action asserting that Defendants failed to provide him adequate medical care (or were deliberately indifferent to Plaintiff's medical needs) after Plaintiff injured his head and lower back during his incarceration as a pretrial detainee in the Lake County Jail. (Docs. 1 and 7).

In their Motions, Defendants move to dismiss the Amended Complaint pursuant to FED. R. CIV. P. 8(a) and 12(b)(6). More specifically, Defendants Flores and Soler contend that the Amended Complaint fails to allege that they played any part in violating Plaintiff's rights. (Doc. 19 at 2). Sheriff Borders contends that the Amended Complaint is ambiguous as to whether he has

---

[1] *See* 42 U.S.C. § 1983.

been sued in his individual or official capacity and further notes that his predecessor, Sheriff Daniels (whom Plaintiff named his Complaint), is now deceased and that Sheriff Borders has not been properly named or substituted as a party.  (Doc. 20 at 2).  Finally, Defendants Phillips and Legare contend, *inter alia*, that the Amended Complaint fails to adequately allege a deprivation of Plaintiff's constitutional rights.  (Doc. 21 at 6).

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**II.  Standard of Review**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969).  However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.  *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).  However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009). The court has a duty to narrow the issues by stripping away frivolous claims. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).

In pertinent part, Federal Rule of Civil Procedure 8 states:

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction. . .

(2) a short and plain statement of the claim. . .and

(3) a demand for the relief sought. . . .

FED. R. CIV. P. 8(a).

**III. Discussion**

Defendants' Motions are well taken. While the Court is mindful of the fact that Plaintiff is proceeding *pro se* and is entitled to limited allowances due to his lack of legal training, he is not excused from complying with the Federal Rules of Civil Procedure and the Local Rules of this Court.[2]  *See, e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). In particular, Plaintiff is not relieved of his obligation to provide Defendants with adequate notice of his claims, including, *inter alia*:

- Clearly labeling the counts in his complaint, indicating from whom Plaintiff seeks relief and identifying the legal basis for same (including the specific statutory or

---

[2]The Federal Rules of Federal Procedure and Local Rules for the Middle District of Florida may be found online at http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/CV2009.pdf and http://www.flmd.uscourts.gov/Forms/USDC-MDFL-LocalRules12-2009.pdf, respectively.

> constitutional provisions for each of Plaintiff's claims and against whom those claims are asserted);
>
> • Indicating the capacity in which each Defendant has been sued (e.g., individual or official) and the functions or duties that Defendants were performing (or failed to perform) at the time Plaintiff suffered his injuries or received inadequate care; and
>
> • Alleging the specific manner in which each Defendant violated, or contributed to a violation of, Plaintiff's rights.

Accordingly, the Amended Complaint will be dismissed without prejudice and Plaintiff will be given an opportunity to file a Second Amended Complaint that addresses the above deficiencies.

## IV. Conclusion

For the foregoing reasons, it is

**ORDERED** and **ADJUDGED** that:

1. Defendants' Motions (Docs. 19, 20 and 21) are **GRANTED** in part and **DENIED** in part;[3]

2. Plaintiff's Amended Complaint (Doc. 7) is **DISMISSED** without prejudice; and

3. By no later than **Monday, August 30, 2010**, Plaintiff will be permitted to file a Second Amended Complaint. If Plaintiff fails to timely file a Second Amended Complaint, he is warned that this case may dismissed *with prejudice* and without further notice to Plaintiff.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 26, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[3] To the extent Defendants sought to dismiss Plaintiff's claims with prejudice or raised issues not addressed in this Order, that relief is denied and those issues, if appropriate, may be raised once Plaintiff files his Second Amended Complaint.